# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RAMIREZ,<br><br>　　　　Defendant. | Case No. 1:19-cv-01305-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PAY FILING FEE<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 18, 2019. (ECF No. 1.) Plaintiff has filed a copy of his prison trust account statement, he has not paid the filing fee or filed an application to proceed *in forma pauperis* in this action. (ECF No. 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."[1] Plaintiff has been informed in prior cases that he is subject to 28 U.S.C. § 1915(g).[2]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[3] Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff alleges that his constitutional rights were violated when he was transferred to Kern Valley State Prison in retaliation. While housed at Kern Valley State Prison, Plaintiff alleges that Defendant Ramirez verbally threatened him with assault and battery, and that Defendant was responsible for organizing Plaintiff's assault and battery by an unnamed individual on June 27, 2019. (ECF No. 1.) At the time of the filing of the complaint, Plaintiff was housed at Pelican Bay State Prison. Although Plaintiff alleges in a conclusory fashion in the complaint that he is in imminent danger of serious physical injury, he includes no allegations that he is in such imminent danger at his current institution. Therefore, Plaintiff has not alleged any imminent danger of serious physical injury at the time of filing and has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g). Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for Plaintiff's failure to pay the filing fee.

///

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) Trujillo v. Sherman, Case No. 1:14-cv-01401-BAM (E.D. Cal.) (dismissed on April 24, 2015 for failure to state a claim), aff'd, Case No. 15-15952 (9th Cir. May 6, 2016); (2) Trujillo v. Ruiz, Case No. 1:14-cv-00975-SAB (E.D. Cal.) (dismissed on January 6, 2016 for failure to state a claim), aff'd, Case No. 16-15101 (9th Cir. December 15, 2017); (3) Cruz v. Gomez, Case No. 1:15-cv-00859-EPG (E.D. Cal.) (dismissed on February 3, 2017 for failure to state a claim), aff'd, Case No. 17-15358 (9th Cir. October 25, 2017); and (4) Cruz v. Sherman, Case No. 1:16-cv-01277-DAD-JLT (E.D. Cal.) (dismissed on December 11, 2017 for failure to state a claim).
The Court also takes judicial notice of the following United States Court of Appeals case: Trujillo v. Gonzalez-Moran, Case No. 17-15200 (9th Cir.) (dismissed on August 21, 2017 as frivolous).

[2] The Court takes judicial notice of the following United States District Court cases: (1) Cruz v. Leyva, Case No. 1:18-cv-00399-LJO-GSA (E.D. Cal.) (dismissed on May 24, 2018) and (2) Cruz v. Padilla, Case No. 1:18-cv-01015-AWI-BAM (E.D. Cal.) (dismissed on December 18, 2018).

[3] The Court expresses no opinion on the merits of Plaintiff's claims.

2

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 19, 2019**        /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE